U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2023 APR 10 PM 4:04

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| JEFFREY M. RIVARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-00224 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY; ) | |
| PETER BUTTIGIEG, U.S. Secretary of ) | |
| Transportation; MAINE BUREAU OF ) | |
| MOTOR VEHICLES; MAINE ) | |
| DEPARTMENT OF HEALTH ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER
GRANTING THE COMMISSIONER'S MOTION TO DISMISS,
DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT, AND
DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AS MOOT**
(Docs. 37, 42, 44, 45, & 46)

Plaintiff Jeffrey M. Rivard, representing himself, brings this action against the Commissioner of the Social Security Administration ("SSA" and the "Commissioner"), Peter Buttigieg, U.S. Secretary of Transportation (the "United States DOT"), the Maine Bureau of Motor Vehicles ("Maine BMV"), and the Maine Department of Health and Human Services ("Maine DHHS"). (Doc. 36.) Plaintiff characterizes his Second Amended Complaint ("SAC") as "a non[-]personal injury tort due to a traffic infraction for driving while license suspended for non[-]payment of child support permanently reposited in the National Highway Traffic Safety Administration, National Driver Registry, a Department of Transportation entity." (Doc. 36 at 2) (unnecessary capitalization omitted). Pending before the court are the Commissioner's motion to dismiss the case for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) (Doc. 37) and Plaintiff's motions for summary judgment (Docs. 42, 44-46).

I.     **Procedural History.**

Plaintiff originally filed this action and requested to proceed without prepaying fees or costs ("IFP motion") in the United States District Court for the District of Maine. On July 29, 2021, upon review pursuant to 28 U.S.C. § 1915(e)(2)(B), the District of Maine transferred the case to this court because Plaintiff is a Vermont resident. The case was received in this court on September 24, 2021.

Plaintiff's initial one-page Complaint alleged that:

> An administrative law court ordered about 2006 that I am awarded Supplemental Security Income to 2004. This [wa]s never communicated to Maine Dep[artmen]t of Health and Human Services who did continue to collect child support from Social Security Administration and thus [I] am seemingly unable to resolve a bad record National Driver Registry for license suspension unpaid child support.

(Doc. 1 at 1.) The same day, the SSA Commissioner moved to dismiss the case arguing the court lacked subject matter jurisdiction.

On October 1, 2021, Plaintiff filed a motion docketed as a Motion for Order Reversing the Decision of the Commissioner. On October 5, 2021, this court granted Plaintiff's IFP motion because his financial information satisfied the requirements of 28 U.S.C. § 1915(a). On October 18, 2021, Plaintiff filed an Amended Complaint and on December 14, 2021, he filed a motion to amend the Complaint. (Docs. 20, 22.)

Plaintiff's Amended Complaint, titled "Complaint and Request for Injunction," did not add new allegations against SSA but did add additional defendants, including the United States DOT, Maine BMV, and Maine DHHS. Plaintiff's asserted basis for subject matter jurisdiction is diversity of citizenship because he is a citizen of Vermont and Defendants are all citizens of the United States of America. He alleges the amount in controversy requirement is met because:

> Libelous-Defamation record, anxiety experience of administrative malarky and bad government actors to include disorderly conduct and improper advice, length of permanent erroneous record and hindrance to privileges, readjustment of insurance and credit, misapplication of laws, criminalizing disability discrimination, cause of not acquiring driver's license personal

2

reasoning from all and subject to illegal profile by municipal Biddeford, York, Maine police Lawrence Angis[.]

(Doc. 22 at 4.)

In his Amended Complaint, Plaintiff alleges the events giving rise to his claims occurred in Maine and Vermont on "April 24[,] 2006 [at] 1:30AM [and] September 2020[,]" and further asserts:

> My child support order from Biddeford District Court was recalculated in 2009 from 2004 Order filed 2002. I had been pulled over April 24[,] 2006 driving with an expired permit and Det[ective] Jeff Tully omits this from a Portland (Maine) Police Record CR 06-3041 Portland Maine District Court in what would be a pretextual stop and my license is found suspended from not paying child support[.] []Although, I had been working and made a few payments on my own and a lawsuit was garnished while the amount accumulated to $8,000 while I awaited reconsideration from a Social Security request and was awarded Supplemental Security Income retroactive to 2004 in 2007, 2004 being previous to the license suspension[.] I've attempted review and petition to Maine and United States District Court Vermont and apparently the error of a National Driver Register a National Highway Traffic Safety Administration of the United States Department of Transportation a permanent record found in motor vehicle agency driver record history can't be undone and is simply viewed as me stopped[.]

*Id.* at 4-5.

In support of his request for injunctive relief, Plaintiff described his irreparable injury:

> Mostly the permanent record being a defamation. Can't tally instances in aggregate where this has effected me but it has. Physical exertion versus those who could afford public transportation or drive an automobile regarding employment competitiveness and especially being disabled with bouts of fatigue from it and the hindrance to privileges for no good reason while working in heavy labor.

*Id.* at 5. As relief, Plaintiff requested:

> [T]he Court to review the matter and determine if the history papers show a matter that in retrospect could be corrected and amended or even removed from National Driver Register National Highway Traffic Safety Administration US Dep[artmen]t of Transportation to accurately define what occurred but for delay in government administration from a 1996 Welfare Reform Act and upon a view of the child support modification

3

>resolved in 2009 which shows me calculated overpaid [on] April 24, 2006 by $1000.00[.]

*Id.*

On June 13, 2022, the court issued an Opinion and Order ("O & O") granting Plaintiff's motion to amend his complaint, granting the SSA Commissioner's motion to dismiss for lack of subject matter jurisdiction, and denying Plaintiff's motion for an order reversing the decision of the commissioner. The court also conducted a review of the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) and determined that because it failed to allege a waiver of sovereign immunity with regard to the United States DOT, Maine BMV, or Maine DHHS, the court lacked subject matter jurisdiction, and claims against those defendants must be dismissed. Consequently, the Complaint and Amended Complaint were dismissed. Plaintiff, however, was granted leave to file a Second Amended Complaint on or before July 11, 2022. He was instructed that a Second Amended Complaint "must include all of his factual allegations in their entirety and must set forth all the claims he has against all defendants . . . and all the relief he seeks" and "reminded of his burden to state a basis for a waiver of sovereign immunity, the grounds for the court's subject matter jurisdiction, and a cause of action." (Doc. 34 at 9.) He was also warned that "[f]ailure to file a timely Second Amended Complaint shall result in dismissal of the case." *Id.* at 10.

On July 25, 2022, Plaintiff signed an Amended Complaint which was docketed on July 29, 2022. On August 3, 2022, the same document with handwritten page and paragraph numbers, a handwritten statement that "I apologize under Social Security Act 205[,]" and a handwritten reference to "42 U.S.C. 405 [§] 2C(i)" and "49 U.S.C. 30302 3 and 3cd" was filed. *Compare* Doc. 35 *with* Doc. 36. The court construes these documents as the SAC.[1]

---

[1] The Commissioner argues that the SAC is untimely. In light of Plaintiff's stated reasons for the delay in his filing of the SAC and his self-represented status, the court declines to dismiss the SAC on timeliness grounds.

4

II. **Allegations of the SAC.**

The four-paragraph SAC contains a Statement of Jurisdiction which asserts that venue is proper in this court. Plaintiff describes his claims as follows:

> Pursuant to 42 U.S.C. [§ 405(c)(2)(C)(i)] it appears this matter upon review would reflect a basis for expungement considering what seems to be a selective exchange of information either to or from Social Security and considering the child support payments made for a dependent at the time who lived in Maine and from calls to Social Security I made in 2008 and in 2009 about the matters and of other legal remedy from a license suspension request due to a Biddeford District Court ruling amended in 2009, submitted by Maine DHHS for non[-]payment of child support to Maine BMV, that was initiated upon a pretextual stop about April 24th[,] 2006[,] and lent to some conviction for such traffic offense by Maine['s] law to some view of legislation and now permanently reposited in the National Driver Registry and showing in State motor vehicle agency history. On April 24th[,] 2006, driving for someone who had needed contacts for vision impairment, I was owing from an already overcalculated child support order from Biddeford, however[,] upon amendment in 2009[,] a review would calculate I am overpaid at the time, therefore, I believe this record is a defamation and ought to be subject to legal review [pursuant to 49 U.S.C. § 30302].

(Doc. 36 at 3, ¶ 4.)

The last page of Plaintiff's SAC contains the "reason for untimeliness[.]" (Doc. 36 at 4.) Plaintiff states:

> P[.]S. Your Honor, I apologize for the untimely filing by 14 days. I am arguing 3 cases in Massachusetts Appeals Court, have criminal dockets cases in Vermont Superior Court with 1 in a second (Bennington) County due to some perception the Windham Co. Vermont Court can't be fair and argued for a sealing matter on July 15th[,] 2022[,] that was successful and have had to navigate administrative complaints independent of my attorneys in those cases and other matters, I have been filing a relative complaint to this matter with the Maine civil clerk now since of October of 2021[,] which they have lost 2 times blaming the USPS and initially because the clerk provided no cover sheet initially upon request, I have been attempting a series of confidential motions in New Hampshire which has been filed in the New Hampshire Supreme Court, I have 2 matters open in the USDC D. Vt[.] Court, and am experiencing all these difficulties without full legal representation and many matters I am Pro Se and to include a matter I am helping my wife with in Hartford Superior Court.

>These difficulties are all experienced on a fixed monthly income with very little support and I am often without time to other routine life tasks while suffering from the fatigues of a mood disorder.

*Id.* at 4.

### III.   Conclusions of Law and Analysis.

Courts afford pleadings filed by self-represented parties "special solicitude." *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

#### A.   Whether the Court has Subject Matter Jurisdiction over Plaintiff's Claims against the SSA Commissioner.

The Commissioner has moved to dismiss Plaintiff's SAC under Fed. R. Civ. P. 12(b)(1) contending this court lacks subject matter jurisdiction because Plaintiff has not identified a waiver of sovereign immunity. If subject matter jurisdiction is lacking, the court cannot proceed further. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) "if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "[T]he party asserting federal [subject matter] jurisdiction bears the burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (internal alteration, citation, and quotation marks omitted).

In any action in which the United States, or one of its agencies, is named as a defendant, a waiver of the government's sovereign immunity is a prerequisite to subject matter jurisdiction. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Up*

6

*State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999). The doctrine of sovereign immunity prevents the federal government from being sued "without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009); *see also United States v. Bormes*, 568 U.S. 6, 9-10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed.") (internal quotation marks omitted).

In its June 13, 2022 O & O, the court considered three possible bases for a waiver of the government's sovereign immunity: 42 U.S.C. § 405(g), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

The SAC Statement of Claim cites 42 U.S.C. § 405(c)(2)(C)(i), which provides:

> It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Commissioner of Social Security for the purposes of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security.

42 U.S.C. § 405(c)(2)(C)(i). By its plain language, this provision does not provide jurisdiction over a private cause of action against the SSA. The limited waiver of sovereign immunity for claims against the SSA Commissioner is established by § 405(g). *See id.* § 405(g) (stating "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action").

49 U.S.C. § 30302 established the National Driver Registry "with the primary purpose of assisting the chief driver licensing officials of participating States in exchanging information about the motor vehicle driving records of individuals." *Linkosky v. Dep't of Transp.*, 247 A.3d 1019, 1027 (Pa. 2021). Section 30302 likewise does not provide jurisdiction over a private cause of action against the SSA. Plaintiff's SAC thus

fails to to state a basis for a waiver of sovereign immunity or the grounds for the court's subject matter jurisdiction, and on that basis alone, the SAC against the Commissioner must be DISMISSED.

In opposing the motion to dismiss, Plaintiff concedes 42 U.S.C. § 405(f) is a "moot point" under the SAC. (Doc. 38 at 5, ¶ 1.) He argues instead that the "FTCA does apply because . . . I have presented these claims to the appropriate federal agency." *Id.* ¶ 2. Plaintiff has been cautioned, however, that he may not amend his pleading through his briefing. *See* Doc. 34 at 7 (citing *Goldberg v. Saint-Sauveur Valley Resorts, Inc.*, 2018 WL 8370060, at *10 (D. Vt. Dec. 20, 2018) (ruling plaintiff "may not amend his Second Amended Complaint through statements made in his brief")). Even if the court were to credit the allegations in Plaintiff's brief, Plaintiff does not plausibly plead an exhaustion of administrative remedies. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (noting "[t]he burden is on the plaintiff to . . . plead . . . compliance with the [FTCA's] statutory requirements"); *see also Mortillaro v. United States*, 2022 WL 992713, at *2 (E.D.N.Y. Mar. 31, 2022) (dismissing complaint for failure to exhaust because "Plaintiff's allegation that her claim was 'presented' to the [federal agency] was entirely conclusory and not supported by any factual allegations").

Although Plaintiff argues that he is seeking "relief" under 28 U.S.C. § 1491 and "jurisdiction" under 28 U.S.C. § 1346, (Doc. 38 at 1), these statutes, the Tucker Act and Little Tucker Act, respectively, provide concurrent jurisdiction to the district courts and the Court of Federal Claims over suits "not sounding in tort" against the United States founded upon the Constitution, any act of Congress, or any express or implied contract with the United States. *See* 28 U.S.C. § 1346(a)(2); *see also id.* § 1491(a)(1). Plaintiff alleges a tort claim and therefore neither the Tucker Act, nor the Little Tucker Act apply. *See Bormes*, 568 U.S. at 10.

Because the court lacks subject matter jurisdiction over Plaintiff's claims against the Commissioner, the motion to dismiss (Doc. 37) must be GRANTED.

## B. 28 U.S.C. § 1915(e)(2)(B) Review of the SAC.

Under the IFP statute, the court is required to conduct an initial screening of the SAC with regard to the additional defendants who have not been served. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss it if it determines that the action is "frivolous or malicious," fails to state a claim on which relief can be granted, or seeks monetary relief "against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Although the court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests, *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam), "[d]ismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The SAC does not allege a waiver of sovereign immunity for an action against the United States DOT and thus the court does not have subject matter jurisdiction. *See Blue Fox, Inc.*, 525 U.S. 255 at 261 (noting a waiver of the government's sovereign immunity is a prerequisite to subject matter jurisdiction). Plaintiff's claims against the United States DOT must therefore be DISMISSED. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

With regard to the Maine BMV and Maine DHHS, the State of Maine is immune under the Eleventh Amendment of the United States Constitution from suits brought by citizens in federal court seeking damages.[2] "A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment." *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009). Because Plaintiff fails to allege a

---

[2] While a federal district court may have jurisdiction under the 42 U.S.C. § 1983 over claims against persons acting in their individual capacity under the color of state law, § 1983 does not authorize claims against a state, its agencies, or its employees acting in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

waiver of sovereign immunity, his claims against Maine BMV and Maine DHHS seeking damages must also be DISMISSED. Upon review under § 1915, Plaintiff's SAC is DISMISSED.

### C.    Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once[.]" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff has not requested a further opportunity to amend his pleading. Because he has already had multiple opportunities to state a basis for the court's subject matter jurisdiction and the Commissioner has twice responded, the court declines to grant leave to amend sua sponte. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

## CONCLUSION

For the reasons stated above, the court GRANTS the SSA Commissioner's motion to dismiss (Doc. 37) and, upon review under 28 U.S.C. § 1915(e)(2), the SAC (Docs. 35, 36) is DISMISSED because the court lacks subject matter jurisdiction. In light of the dismissal, Plaintiff's motions for summary judgment (Docs. 42, 44, 45, 46) are DENIED AS MOOT.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of April, 2023.

Christina Reiss, District Judge
United States District Court